IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1] SIMEON DE LA CRUZ PAREDES AKA "EL RUBIO",<br><br>Defendant. | CRIMINAL NO. 07-521 (ADC)<br><br>SEALED |

**REPORT AND RECOMMENDATION**

**I. PROCEDURAL BACKGROUND**

On June 18, 2008, a grand jury returned a superseding indictment against [1] Simeón De la Cruz Paredes ("De la Cruz Paredes") and [2] Fani Leonardo Lirano De la Cruz charging them with knowingly, willingly and intentionally bringing or attempting to bring illegally to the United States, by the use of an unseaworthy and overcrowded yawl which placed in jeopardy the lives of the aliens, at least twenty-three aliens, knowing that said persons were aliens, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(i)&(v)(II) and Section 1324(a)(1)(B)(iv).

On June 26, 2008, De la Cruz Paredes filed a motion *in limine* requesting that the government be precluded from introducing into evidence as part of its case in chief the judgments and sentences itemized as entries 18-30 of the government's designation of evidence (Docket 52), as well as "many" of the photographs that the government has produced (identified as item 17 in the designation of evidence) because they are "gory" and "cumulative." (Docket 64). The United States filed its opposition to De la Cruz Paredes' motion *in limine* on July 14, 2008. (Docket 70).

## II. JUDGMENTS AND SENTENCES 18-30
### OF THE GOVERNMENT'S DESIGNATION OF EVIDENCE

De la Cruz Paredes seeks the exclusion on relevance grounds of a series of judgments and sentences that have been designated by the government as evidence to be introduced in its case in chief. Furthermore, defendant argues that these judgments and sentences are inadmissible due to his constitutional right to confront witnesses as recognized in Crawford v. Washington, 541 U.S. 36 (2004).

The government has clarified that it is not seeking to introduce any plea agreements, but rather certified copies of the judgments and sentences imposed to individuals allegedly on board of the vessel used by De La Cruz Paredes to transport them. (Docket 70 at 3.) Although these judgments and sentences are irrelevant to determine whether the individuals sentenced were actually on board of a yawl or not, or to establish whether De La Cruz Paredes was piloting the yawl, they are relevant for purposes of showing alienage. One of the elements of the alien smuggling offense is that the defendant brought or attempted to bring an alien (or aliens) into the United States. See 8 U.S.C. §1324(a)(1)(A)(I); Pattern Crim. Jury Instr. 5th Cir. 2.02 (2001); Pattern Crim. Jury Instr. 10th Cir. 2.02 (2006); Model Crim. Jury Instr. 9th Cir. 9.1 (2003). Therefore, the objection on relevance grounds lacks merit. Nevertheless, because these judgments and sentences are relevant only as to the issue of alienage, the government still has the burden to present additional admissible evidence to show beyond a reasonable doubt that the individuals upon which these judgments and sentences were imposed were transported in a yawl captained by the defendant to enter illegally into the United States.

With regard to defendant's second objection, it should be noted that business records and

public records are not subject to the Confrontation Clause because they are "by their nature ... not testimonial." Crawford, 541 U.S. at 51, 56; see also id. at 76 (Rehnquist, C.J., concurring in judgment) (noting that "the Court's analysis of 'testimony' excludes at least some hearsay exceptions, such as business records and official records.") Therefore, judgments and sentences, being public records, are not vulnerable to defendant's Confrontation Clause argument. Furthermore, if courts have held that items in an alien's immigration file are akin to business records that are non-testimonial in nature and not barred from admissibility by the Confrontation Clause, e.g., United States v. López Moreno, 420 F.3d 420, 437 (5th Cir. 2005), there is no reason to hold judgments and sentences to a different standard. Therefore, defendant's request that these judgments and sentences be deemed inadmissible under the Confrontation Clause is unsustainable.[1]

### III. PHOTOGRAPHS IN ITEM 17
### OF THE GOVERNMENT'S DESIGNATION OF EVIDENCE

The defendant has also objected to the admissibility of certain photographs that the United States has included in its designation of evidence. The undersigned has had an opportunity to examine these photographs *in camera* and finds that there is validity in part of defendant's contention. In particular, there are fourteen pictures that depict three corpses. See Exhibits A, B, and C. Although the government has argued that the probative value of these photographs lies in that they show "three victims that drowned as a result of this smuggling venture" (Docket 70 at 7), there is no reasonable explanation that has been proffered by the government as to why there is a need to present fourteen pictures of three victims. Fourteen photographs may be unfairly prejudicial

---

[1]If defendant is concerned about any prejudicial effect that these judgments and sentences may have at trial, he could consider the entry of a stipulation indicating that certain individuals, on the date of the events at issue, were aliens. Despite such stipulation, the government would still have to prove beyond a reasonable doubt that those individuals referred to in the stipulation were smuggled by the defendant into the United States and that the defendant knew that they were aliens.

and certainly cumulative. Therefore, it is recommended that the United States be allowed to present not more than two photographs per victim, that is not more than six of the fourteen photographs depicting the three individuals that allegedly drowned as a result of a smuggling venture. The undersigned also finds that at least three of the photographs submitted by the government are too blurry to be of any meaningful assistance to a jury. See Exhibit D. These should be excluded as well. As to the remaining photographs, the same cannot be said to be "gory", gruesome or inflammatory and thus, should be admissible as long as the proper foundation is laid.

WHEREFORE, it is recommended that defendant's motion *in limine* (Docket 64) be GRANTED IN PART AND DENIED IN PART. In particular, the request to exclude the designated judgments and sentences as well as the totality of the photographs should be DENIED. However, the motion should be GRANTED with respect to the fourteen photographs of three alleged victims; these should be limited at trial to no more than two per victim.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 27th day of August of 2008.

                                                s/Marcos E. López
                                                U.S. MAGISTRATE JUDGE