**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

[1] SIMEON DE LA CRUZ-PAREDES,

    Defendant.

Criminal No. 07-521 (ADC)

SEALED

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    **Procedural Background**

On June 18, 2008, a federal grand jury issued a one-count superceding indictment against Simeón De La Cruz-Paredes ("defendant") and Fani Leonardo Liriano- De La Cruz (collectively, "defendants"), charging them with violations of 8 U.S.C. § 1324(a)(1)(A)(i) & (v)(II) and 8 U.S.C. § 1324(a)(1)(B)(iv). **Docket No. 58**. More specifically, the superceding indictment charged defendants with aiding and abetting each other in knowingly and intentionally bringing and attempting to bring to the United States, "by the use of an unseaworthy and overcrowded yawl which placed in jeopardy the lives of the aliens . . . knowing that said persons were aliens, at a place other than a designated port of entry, and at a place other than as designated by the Commissioner, regardless of whether such aliens have received prior official authorization to come to, enter, or reside in the United States and regardless of any future official action which may be taken with respect to such aliens." *Id.* Moreover, it explained that the alleged violations resulted in the deaths of three purported passengers. *Id.*

    **A.**    **Motion in Limine**

On June 26, 2008, defendant filed a motion in limine to exclude certain pieces of the government's proposed evidence; namely, evidence of judgments and sentences imposed in criminal proceedings against third persons—alleged passengers of the above described yawl—and certain photographs. **Docket No. 64**. In making said argument, defendant

contends that: (i) the sentences and judgments should be excluded inasmuch as they are irrelevant and violative of Fed. R. Evid. 402; (ii) the sentences and judgments should be excluded because they violate defendant's constitutional right to confront those witnesses against him; and (iii) that certain photographs of the alleged victims of the ill-fated passage should be excluded as unduly prejudicial—because of their gory nature—and as cumulative. *Id.*

### B.    Government's Opposition

In response, the government explains that the evidence should not be excluded for the following reasons: (i) the sentences and judgments are relevant to show the "alienage of the passengers of the yawl," which is an element of the smuggling offense; (ii) that introduction of said documents is not violative of the Confrontation Clause; and (iii) that the fourteen (14) pictures depicting the bodies of the deceased passengers are neither gruesome nor cumulative, and therefore should be allowed. **Docket No. 70**.[1]

### C.    Report and Recommendation

The court referred the matter to Magistrate-Judge Marcos E. López ("Magistrate-Judge") for a Report and Recommendation ("R & R") on July 15, 2008. **Docket No. 73**. On August 27, 2008, the Magistrate-Judge issued an R & R wherein he recommended granting in part and denying in part defendant's motion. **Docket No. 93**. In so doing, the Magistrate-Judge made the following recommendations: (i) to the extent the government seeks to submit the sentences and judgments of the alleged passengers to establish their alienage, the court should allow it, but stressed that the government "still has the burden to present additional admissible evidence to show beyond a reasonable doubt that the individuals upon which these judgments and sentences were imposed were transported in a yawl captained by the defendant to enter illegally into the United States"; (ii) that business records and public

---

[1] To the extent the court does undertake to exclude some of the photographs, the government requests that at least one photograph of each of the deceased be submitted to the jury "due to the heightened relevance to the case." **Docket No. 70**, at 5.

records are not subject to the Confrontation Clause because they are not testimonial, and therefore should not be excluded; (ii) after conducting an *in camera* review of the photographs of the deceased offered by the government, the Magistrate-Judge found that fourteen (14) pictures depicting only three (3) victims may be unduly prejudicial and were cumulative; hence, he recommended that the government be allowed to introduce no more than two (2) photographs of each alleged victim; (iv) that the remaining photographs are neither gory, gruesome, nor inflammatory, and therefore should be admissible as long as a proper foundation is laid; and (v) that at least three (3) of the photographs offered by the government are too blurry to be of any meaningful assistance to the Jury and therefore should be excluded. **Docket No. 93**, Exh. D. Neither party has filed an objection to the R & R.

## II. Standard of Review

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Civ. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Accordingly, absent a proper objection, the court need only satisfy itself that there is no plain error in order to accept an unopposed report and recommendation. *Pellot-Bermúdez v. U.S.*, Civ. No. 04-1702 (DRD), 2006 WL 3007480, *2 (D.P.R. Sept. 22, 2006).

## III. Discussion

After conducting a thorough review of the motion in limine, the opposition thereto, and the Report and Recommendation, the court finds no reason to depart from the Magistrate-Judge's recommendations. As such, the government is permitted to use the sentences and judgments of the alleged passengers of the yawl, but only to the extent they are

offered to prove whether or not they were aliens at the time of the voyage. *See, e.g.*, 8 U.S.C. § 1324(a)(1)(A)(i); *United States v. Rueda-Rivera*, 396 F.3d 678, 680 (5th Cir. 2005) (holding that "items in an alien's immigration file akin to business records were non-testimonial in nature and held that the Confrontation Clause did not bar their admission"). Further, the court agrees with the Magistrate-Judge's recommendation that the blurry photographs offered by the government, **Docket No. 93**, Exh. D, be excluded inasmuch as they will be of no assistance to the jury. Finally, the court agrees with the Magistrate-Judge's recommendation that fourteen (14) photographs of three (3) deceased victims is cumulative, and unduly prejudicial to defendant; and that no more than two (2) photographs of each be presented during trial. *See* Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . or needless presentation of cumulative evidence.").

Based upon the foregoing, the court **ADOPTS** the Report and Recommendation (**Docket No. 93**), in full, thereby **DENYING IN PART AND GRANTING IN PART** defendant's motion in limine (**Docket No. 64**).

**SO ORDERED.**

At San Juan, Puerto Rico, on this 20th day of November, 2008.

**S/AIDA M. DELGADO-COLON**
**United States District Judge**