**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATE OF AMERICA,**          Plaintiff,          v.   **SIMEON DE LA CRUZ-PAREDES,**          Defendant. | **Criminal No. 07-521 (ADC)** |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.      Procedural Background**

On June 18, 2008, a federal grand jury issued a superceding indictment against Simeon De La Cruz-Paredes ("defendant"), charging him with a single count of aiding and abetting in the smuggling of aliens, resulting in the death of three (3) aliens, in violation of 8 U.S.C. § 1324(a)(1). **Docket No. 58**. On February 12, 2009, defendant filed a motion to dismiss the superceding indictment. **Docket No. 139**.[1] The United States of America ("government") opposed the motion. **Docket No. 141**. The court referred the motion to Magistrate-Judge Bruce McGiverin ("Magistrate-Judge") for a Report and Recommendation on March 9, 2009. **Docket No. 142**. On June 25, 2009, Magistrate-Judge McGiverin issued a Report and Recommendation ("R & R") wherein he recommended denying defendant's motion to dismiss. **Docket No. 166**. On July 15, 2009, defendant filed an untimely motion objecting to the R & R. **Docket No. 168**.[2] The government has not responded to said objection.

Upon review of the R & R, and defendant's objections thereto, the court finds no reason to depart from the Magistrate-Judge's recommendations and accordingly **ADOPTS**

---

[1] In said motion, defendant contends that but for the government's decision to deport a minor alien who had been on the "yawl," he would have been able to show that he was not the captain of the same. **Docket No. 139**.

[2] Objections to the R & R were due by July 13, 2009, but defendant did not file the same until July 15, 2009. **Docket Nos. 166, 168**. Nonetheless, in the interest of justice, the court will consider defendant's objections.

the same, thereby **DENYING** the motion to dismiss.

## II.      Factual Background

Inasmuch as defendant has not objected to the Magistrate-Judge's recitation of the factual background, the court hereby adopts the same. **Docket No. 166**, at 1-3.

## III.     Standard of Review for Objections to a Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The objections must specifically identify those findings or recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation as a whole, without specifying to which issues in the report he is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *See id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. §

636(a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharm., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those portions of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. Gen. Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

## IV.   Discussion

### A.   Magistrate-Judge's Recommendations and Defendants' Objections

In the R & R, the Magistrate-Judge recommends that the court deny defendant's motion to dismiss the superceding indictment because he failed to show that the government violated his Sixth Amendment right "to have compulsory process for obtaining witnesses in his favor," U.S. Const. Amend VI, by deporting Wanda Lissette Sánchez-Rodríguez ("Sánchez"). Specifically, the Magistrate-Judge found that plaintiff was unable to show that Sánchez' testimony would have been favorable to defendant or that it would have been material. Defendant strongly disagrees with this recommendation, contending that the R & R fails to adequately consider the importance and relevance of the "lost" testimony.

### B.   Discussion

Contrary to defendant's assertions, he has not shown that Sánchez' testimony would be both material and favorable to his defense. *See United States v. Valenzuela*, 458 U.S. 858, 872-73 (1982) ("A violation of [the Sixth Amendment] requires some showing that the evidence lost would be both material and favorable to the defense."). As the Supreme Court has made clear, there can be no Sixth Amendment violation without some "plausible explanation of the assistance [the defendant] would have received from the testimony of the deported witness." *Id.* at 871. Here, as ably pointed out by the Magistrate-Judge, the fact that Sánchez did not see "El Rubio" on board the yawl, as she admitted during her debriefing, fails to demonstrate that defendant is not in fact "El Rubio." Just because Sánchez did not see "El Rubio" on the yawl, and because defendant was on the yawl, does not mean that defendant is not "El Rubio." Further, contrary to defendant's contention, the Magistrate-Judge did not engage in a "credibility determination" by "rejecting" Sánchez' testimony. The Magistrate-Judge did quite

the opposite, he accepted what Sánchez admitted during her briefing, that she did not see who was driving the yawl or who was helping the captain because she was sitting in the front of the yawl and was dizzy during the voyage, and concluded that said evidence was not favorable to defendant.

Next, defendant contends that the Magistrate-Judge erred in determining that Sánchez' testimony would have been cumulative and therefore was not material.[3] He states that, unlike the eighteen (18) other aliens who were aboard the yawl, one of which already failed to identify defendant as "El Rubio," "she states that she did not see the 'Rubio' she gave the money for the trip aboard the vessel" and "[s]uch testimony is not merely a failure to identify . . . but an affirmative assertion that the witness did not place the putative culprit at the scene of the crime." The court disagrees. As the record makes clear, Sánchez never saw who was driving the yawl or assisting the captain. Therefore, she could not state conclusively that the person she knew as "El Rubio" was not aboard the vessel. As such, and as found by the Magistrate-Judge, "[t]here is nothing in the record to indicate that the absence of Sánchez' testimony would prevent a fair trial since the testimony is neither favorable nor material to the defense."

**V.   Conclusion**

In light of the foregoing, the R & R (**Docket No. 166**) is **ADOPTED** in full. Consequently, defendant's motions to dismiss the superceding indictment (**Docket No. 139**) is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of July, 2009.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**

---

[3] Materiality requires a reasonable likelihood that the testimony, evaluated in the context of the entire record, could affect the judgment of the trier of fact. *Valenzuela*, 458 U.S. at 873-74.