**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff,<br><br>    v.<br><br>**SIMEON DE LA CRUZ-PAREDES,**<br>    Defendant. | **Criminal No. 07-521 (ADC)** |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendant, Simeón De La Cruz-Paredes ("defendant"), was charged in a superceding indictment with one count of aiding and abetting in the smuggling of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(i)&(v)(II) and § 1324(a)(1)(B)(iv). **Docket No. 58**. On June 26, 2008, defendant moved to exclude from trial evidence regarding his identification by various material witnesses. Defendant asserts that the photographic array presented to said witnesses violated his Constitutional rights. **Docket No. 63**. The United States of America (the "government") opposed said motion, and defendant replied. **Docket Nos. 69, 72**. On July 15, 2008, the court referred the matter to Magistrate-Judge Marcos E. López ("Magistrate-Judge López" or "Magistrate-Judge") for a Report and Recommendation. **Docket No. 73**. Magistrate-Judge López held an evidentiary/suppression hearing on October 17, 2008. **Dockets Nos. 104, 119**. On October 20, 2008, the Magistrate-Judge issued a Report and Recommendation ("R & R") wherein he recommended denying defendant's motion to suppress. **Docket No. 108**.

Now before the court are defendant's objections to the R & R. **Docket No. 114**. After conducting a *de novo* review of the record, the testimonies at the evidentiary hearing and the R & R, the court finds no reason to depart from the Magistrate-Judge's recommendation. Accordingly, defendant's motion to suppress the pretrial identification(s) is **DENIED**.

**I.    Factual Background**

After reviewing the record, including the transcript of testimonies at the evidentiary

Criminal No. 07-521 (ADC)                                                                                          Page 2

hearing and the R & R, the court adopts the factual background set forth in the R & R. **Docket No. 108**, at 1-3. The court will, however, discuss relevant facts where necessary.

## II.     Standard of Review for Objections to a Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The objections must specifically identify those findings or recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation as a whole, without specifying to which issues in the report he is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *See id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-*

Criminal No. 07-521 (ADC) Page 3

*Rodríguez v. Pfizer Pharm., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those portions of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. Gen. Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Det. Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

### III. Defendant's Objections

Defendant's primary objection to the R & R is that the Magistrate-Judge erred in finding that the photographic array shown to the material witnesses was not impermissibly suggestive. *Id.* It bears mentioning that defendant's motion, in violation of L. Crim. R. 112 ("Unless otherwise specified in the Federal Rules of Criminal Procedure, by local rule, or by order of the Court, motion practice in criminal cases shall be subject to L. Civ. R. 5.1, 6, 7.1, 10, and 11.") and L. Civ. R. 7.1 ("All matters submitted to the Court for consideration shall be presented by written motion filed with the Clerk of Court incorporating a memorandum of law, including citations and supporting authorities."), contains no citation to supporting authorities.[1]

### IV. Discussion

Defendant contends that contrary to the Magistrate-Judge's recommendation, the photographic array presented to the potential witnesses was crafted in such a way so as to focus attention on him, therefore tainting his pretrial identification.[2] In particular, defendant contends that: (1) his photograph is the only one without a "colored" background, (2) he is the only one with "recent" sun exposure, and (3) not all individuals in the array have a

---

[1] Defendant also "objects" to the Magistrate-Judge's "factual findings regarding what may have been perceived by potential witnesses whose testimony was not introduced in the course of the evidentiary hearing, as well as any conclusion regarding the reliability of such witnesses." **Docket No. 114**, at 1. However, inasmuch as defendant makes no effort to explain said objection, the court will not consider the same. *See id.* at 1-2 ("However, because the ruling is based exclusively on the supposed non suggestiveness of the photographic array, and in light of the shortened period to object to the R&R, defendant will limit himself to addressing the matters concerning the photographic array.").

[2] He claims that a potential witness "whose only reference is that the person to be identified is the captain of a boat recently returned from sea, who is 'trigueño' an sports a moustache, will in all likelihood select the photograph of the defendant." *Id.* at 2.

moustache. The court does not agree with these contentions.

The First Circuit has held that "identification evidence—identifications made before trial and in the courtroom—should be suppressed as a matter of due process 'only in extraordinary cases.'" *United States v. Holliday*, 457 F.3d 121, 125 (1st Cir. 2006); *see also United States v. Rivera-Rivera*, 555 F.3d 277, 282 (1st Cir. 2009); *United States v. Henderson*, 320 F.3d 92, 100 (1st Cir. 2003). "When identification evidence is suppressed, it is 'primarily to avoid an unfair trial.'" *United States v. Torres-Concepción*, Crim. No. 06-270, 2007 WL 2493691, *2 (D.P.R. Aug. 29, 2007) (quoting *United States v. Bouthout*, 878 F.2d 1506, 1516 (1st Cir. 1989)). "An out-of-court identification based on a photo array must be suppressed as a matter of due process 'only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification." *Id.* (quoting *Neil v. Biggers*, 409 U.S. 188, 197 (1972)).

A two-step analysis is used when considering whether a pretrial identification should be suppressed. *Rivera-Rivera*, 555 F.3d at 282; *Holliday*, 457 F.3d at 125; *Henderson*, 320 F.3d at 100. First, the court must consider "whether an impermissibly suggestive identification procedure was used and, if so, whether the identification was nonetheless reliable under the totality of the circumstances." *Rivera-Rivera*, 555 F.3d at 283. In the event the procedure was impermissibly suggestive, the court looks to the totality of the circumstances to determine whether the identification was still reliable. *See United States v. DeCologero*, 530 F.3d 36, 62 (1st Cir. 2008).

Here, the court has reviewed the photographic array and does not find the same to be impermissibly suggestive. First, the difference in background between the photographs is not suggestive. While defendant is pictured with a white background (as compared to the sky/cloud background present in the original photograph obtained by the agents), it is surrounded by similar pattern-less and light background photographs (1, 2, 4, 5, 7, 8). If any photograph stands out, it is number 6 which has a bright yellow background. Second, a review of the array shows that at least three other individuals show signs of possible sun exposure (4, 5, and 6), and the photographs of five of them have some sort of "white blaze" on their foreheads (1, 4, 5, 6, and 7). Third, the court agrees with the Magistrate-Judge's

assessment that five of the photographs, including defendant's, show individuals with a moustache (4, 5, 6, 7, and 8). Finally, at least two individuals, in addition to defendant, show signs of possible sun exposure and have a moustache (5 and 6). *See United States v. Brrennick*, 405 F.3d 96 (1st Cir. 2005) (finding that even though (1) defendant's photograph differed in form from the others (booking photograph versus identification photograph), (2) the placement of defendant's photo caused it to be encountered prior to others, (3) the lighting in photograph one was different from that in defendant's, causing defendant's skin to look less illuminated, and (4) the backgrounds were not uniform, the photographic array was not impermissibly suggestive). Based upon the foregoing, the court finds that the photographic array presented to the potential witnesses was not impermissibly suggestive, and therefore will not delve further into the inquiry.[3]

Notwithstanding the above, the court emphasizes the Magistrate-Judge's sentiment that, despite these findings, defendant's "positive identification" by individuals who never described him during interviews with law enforcement agents and "non-identification" by the individual that did describe him; is an issue ripe for cross-examination at trial.

**V.  Conclusion**

After careful consideration of the record, the R & R and defendant's objections, the court hereby **ADOPTS** the R & R in full. Accordingly, defendant's motion to suppress the pretrial identification (**Docket No. 63**) is hereby **DENIED**.

**SO ORDERED.**

At San Juan, Puerto Rico, this 8th day of September, 2009.

                                                                                **S/AIDA M. DELGADO-COLON**
                                                                                **United States District Judge**

---

[3] Defendant's attempt to distinguish the three cases cited in the R & R, *United States v. Bautista*, 23 F.3d 726 (2nd Cir. 1994), *United States v. Kelly*, 516 F. Supp. 493 (D.C. Nev. 1981), *United States v. Blaisdell*, 559 F. Supp. 2d 128, 152 (D.N.H. 2008), while correct in the sense that they are not *identical* to this one, does not in any way undermine the Magistrate-judge's recommendation and does not warrant a protracted discussion.